Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000032
27-APR-2012
08:26 AM

NO. CAAP-10-0000032

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JACQUELINE TAMMAN, Plaintiff-Appellee, v.
SAMI TAMMAN, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DIVORCE NO. 07-1-1120)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Leonard and Ginoza, JJ.)

Defendant-Appellant Sami Tamman (Sami) appeals from the
"Order Regarding Motion for Reconsideration of Order Entered on
July 8, 2010 or in the Alternative Motion for New Trial and/or
Reopening of the Hearing" (Motion for Reconsideration Order)
filed September 7, 2010 and the "Order Granting Custody,
Visitation and Support" (Custody, Visitation, and Support Order)
filed July 8, 2010.  Both orders were entered in the Family Court
of the First Circuit[1] (family court).  The Custody, Visitation,
and Support Order awarded sole legal and physical custody of four
children to the children's mother, Plaintiff-Appellee Jacqueline
Tamman (Jacqueline), and determined visitation, child support,
temporary alimony arrears, educational expenses, health and life
insurance, and the family court's continuing jurisdiction.

---

[1]    The Honorable Sabrina S. McKenna presided.

In his opening brief, Sami's points of error are as follows:

1. The Family Court erred in finding that it had personal and subject matter jurisdiction over Appellant and Appellee.

2. The Family Court erred in refusing to certify the jurisdictional question for interlocutory appeal under [Hawai'i Rules of Civil Procedure] HRCP Rule 54(b).

3. The Family Court erred in failing to promptly schedule a hearing on custody of the minor children.

4. The Family Court erred in finding and failing to reconsider its order of July 8, 2010, in paragraph, 1.A. finding in the pertinent part that, "Plaintiff is awarded sole legal custody of the children".

5. The Family Court erred in finding and failing to reconsider its order of July 8, 2010 in paragraph 1.B. finding in the pertinent part that, "Plaintiff is awarded sole physical custody…Plaintiff shall retain sole legal and physical custody of the parties minor children in the event that she relocates from Hawaii…relocation shall not be construed by any court as a "material change in circumstances" that will justify modification of physical custody."

6. The Family Court erred in finding and failing to reconsider its order of July 8, 2010 in paragraph 2. finding in the pertinent part that, "Any limitation on Defendant's travel, etc…"

7. The Family Court erred in finding and failing to reconsider its order of July 8, 2010 in paragraph 2.D.(5), finding in the pertinent part that, "Defendant shall surrender all of his passport(s) to his attorney, Scott T. Strack, or any successor attorney…"

8. The Family Court erred in finding and failing to reconsider its order of July 8, 2010 in paragraph 2.D.(8) finding in the pertinent part that, "The no contact order… shall remain in force until further order of the Family Court…".

9. The Family Court erred in finding and failing to reconsider its order of July 8, 2010 in paragraph 3. finding in the pertinent part that, "Defendant shall pay Plaintiff the sum of $7,810.00 per month in child support… each party shall provide the other with a copy of his/her annual tax returns and any amendments on an annual basis…"

10. The Family Court erred in finding and failing to reconsider its order of July 8, 2010 in paragraph 4. A. finding in the pertinent part that, "Defendant's monthly gross monthly income was the sum of $23,140 during the period in question."

11. The Family Court erred in finding and failing to reconsider its order of July 8, 2010 in paragraph 4.B. finding in the pertinent part that, "Plaintiff's gross monthly income was $0.00[footnote #1]…Defendant's monthly gross monthly income was at least $25,000 during this period."

12. The Family Court erred in finding and failing to reconsider its order of July 8, 2010 in paragraph 4.C. finding in the pertinent part that, "Defendant's outstanding child support arrears is $261,080… shall be satisfied in full with 30 days…".

13. The Family Court erred in finding and failing to reconsider its order of July 8, 2010 in paragraph 5. finding in the pertinent part that, "Defendant owes Plaintiff the sum of $39,060…temporary alimony arrears shall be satisfied by Defendant in full within 30 days…"

14. The Family Court erred in finding and failing to reconsider its order of July 8, 2010 in paragraph 6. finding in the pertinent part that, "Defendant is hereby ordered to pay all private school tuition and related school fees of Alexandre, Vanessa, Nathalie and Caroline Tamman commencing in Fall 2010…"

15. The Family Court erred in finding and failing to reconsider its order of July 8, 2010 in paragraph 8. finding in the pertinent part that, "All uninsured medical and dental expenses… including ordinary and extraordinary.. orthodontia…"

16. The Family Court erred in finding and failing to reconsider its order of July 8, 2010 in paragraph 9 finding in the pertinent part that, "Defendant is hereby ordered to maintain life insurance of no less than $1,000,000, on his life…"

17. The Family Court erred in failing to include in its visitation paragraph, paragraph 2 of its July 8, 2010 order any provision for the children's birthdays, the parent's birthdays and father's/mother's day.

18. The Family Court erred in failing to consider, based upon the new facts and evidence that became available only after the conclusion of the trial here in Hawaii, i.e. the June 18, 2010 decision of the Swiss Court, the revelation that Vanessa is attending summer school because she is struggling in Iolani contrary to the testimony of Deanna Kanekuni and the court's finding of fact #34 and the then impending start of summer visitation on August 4, 2010, Appellant's request that the court grant a hearing on all or at least some of the issues raised in the July 19, 2010 motion.

19. The Family Court erred in finding/concluding and failing to reconsider its corresponding Findings of Fact and Conclusions of Law, including but not limited to Findings 2, 6, 10, 25, 34, 39, 40, 43, 50 through 56, 61, 62, 66, 69, 70, 75, 76, 77, 80, 81, 86, 87, 92, 93, 94, 95, 96, 107, 108, 110, 111, 112, 114 and 115 as well as Conclusions 1, 2, 3, and 4.

Sami's opening brief does not comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b) because Sami's counsel failed to include (1) in the statement of the case, "record references supporting each statement of fact or mention of court or agency proceedings," in violation of HRAP Rule 28(b)(3) (emphasis added), (2) in the statement of points of error, where

3

in the record the alleged error occurred and where the error was objected to, in violation of Rule 28(b)(4) and (3) included a section on statement of questions presented contrary to the directives of Rule 28(b).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Sami's points of error are without merit.

Sami waived any challenge regarding service of the complaint, and therefore, the family court had personal jurisdiction over Sami. Roxas v. Marcos, 89 Hawai'i 91, 135, 969 P.2d 1209, 1253 (1998); Beneficial Hawaii, Inc. v. Casey, 98 Hawai'i 159, 166, 45 P.3d 359, 366 (2002); Puckett v. Puckett, 94 Hawai'i 471, 472, 16 P.3d 876, 877 (App. 2000)

The family court had subject matter jurisdiction. Hawaii Revised Statutes (HRS) §§ 580-47, 583A-201 and 584-15.

As to the decision of the family court:

> Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion. Thus, [an appellate court] will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (quoting In re Doe, 95 Hawai'i 183, 189-90, 20 P.3d 616, 622-23 (2001)). "Furthermore, the burden of establishing abuse of discretion is on appellant, and a strong showing is required to establish it." Ek v. Boggs, 102 Hawai'i 289, 294-95, 75 P.3d 1180, 1185-86 (2003) (internal quotation marks, citation, and brackets omitted).

As to the challenged findings of fact of the family court:

> In this jurisdiction, a trial court's [FsOF] [sic] are subject to the clearly erroneous standard of review. An FOF is clearly erroneous when, despite

> evidence to support the finding, the
> appellate court is left with the definite
> and firm conviction in reviewing the
> entire evidence that a mistake has been
> committed.
>
> *Chun v. Bd. of Trustees of the Employees' Retirement Sys. of
> the State of Hawai'i*, 106 Hawai'i 416, 430, 106 P.3d 339, 353
> (2005), *reconsideration denied,* 106 Hawai'i 477, 106 P.3d
> 1120 (2005) (internal quotation marks, citations, and
> ellipses omitted)[.]
>
> "An FOF is also clearly erroneous when the record
> lacks substantial evidence to support the finding. We have
> defined substantial evidence as credible evidence which is
> of sufficient quality and probative value to enable a person
> of reasonable caution to support a conclusion." *Leslie v.
> Estate of Tavares,* 91 Hawai'i 394, 399, 984 P.2d 1220, 1225
> (1999) (internal quotation marks and citations omitted)[.]

Inoue v. Inoue, 118 Hawai'i 86, 92-93, 185 P.3d 834, 840-41 (App.
2008), cert. rejected, 118 Hawai'i 194, 186 P.3d 629 (2008).

Nothing in the record indicates the family court abused
its discretion or issued clearly erroneous findings of fact
regarding custody of the children, visitation, contact, child
support, or alimony.

The family court did not abuse its discretion when it
denied, in substantial part, Sami's Motion for Reconsideration.
A motion for reconsideration gives a party the opportunity to
present new evidence or make new arguments that could not have
been made in the earlier proceeding. Tagupa v. Tagupa, 108
Hawai'i 459, 465, 121 P.3d 924, 930 (App. 2005). Reconsideration
is not an opportunity to re-litigate what has already been
decided or to bring up arguments that a party could have and
should have made during the earlier proceeding. Id. Sami
failed to present any new evidence or make new arguments to
support his contention that the family court should grant his
Motion for Reconsideration.

Therefore,

IT IS HEREBY ORDERED that the "Order Regarding Motion
for Reconsideration of Order Entered on July 8, 2010 or in the
Alternative Motion for New Trial and/or Reopening of the Hearing"
filed September 7, 2010 and the "Order Granting Custody,

5

Visitation and Support" filed on July 8, 2010 in the Family Court of the First Circuit are affirmed.

DATED:   Honolulu, Hawai'i, April 27, 2012.

On the briefs:

Scott T. Stack
(Present Counsel:
Samuel P. King, Jr.)
for Defendant-Appellant.

Robert M. Harris
Jonathan W. Ware, pro hac vice
(Freshfields Bruckhaus
Deringer US LLP)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge